Hettinger v Amchem Prods., Inc. (2021 NY Slip Op 02360)





Hettinger v Amchem Prods., Inc.


2021 NY Slip Op 02360


Decided on April 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 20, 2021

Before: Webber, J.P., Kern, Oing, González, JJ. 


Index No. 190015/16 Appeal No. 13606 Case No. 2020-02476 

[*1]Paul M. Hettinger, Plaintiff-Respondent,
v
Amchem Products, Inc., etc., et al, Defendants, P & H Mining Equipment, etc., Defendant-Appellant.


Barclay Damon LLP, Albany (Linda J. Clark of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Jason P. Weinstein of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about March 30, 2020, which denied as untimely defendant P & H Mining Equipment, a Subsidiary of Joy Global's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.
The New York City Asbestos Litigation (NYCAL) Coordinating Justice has the authority under the Uniform Rules for Trial Courts (22 NYCRR) § 202.69 to issue a Case Management Order (CMO) or modify an existing CMO, after consultation with counsel, that sets forth procedural protocols for the NYCAL that do not strictly conform with the CPLR so long as those protocols do not deprive a party of its right to due process (Matter of New York City Asbestos Litig. [All NYCAL Cases], 159 AD3d 576 [1st Dept 2018], appeal dismissed 32 NY3d 945 [2018]). The CMO mandates that defendants move for summary judgment at least 30 days before a trial date. Here, defendant made its motion eight days before the trial date set in a court scheduling order, and failed to show good cause for its tardiness, relying instead on its misunderstanding of the order (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726 [2004]).
Contrary to defendant's contention, the court properly considered plaintiff's untimely opposition to the motion (CPLR 2214[b]), which simply pointed out that the motion was late, and which did not prejudice defendant (see Stephen LLC v Zazula, 171 AD3d 488, 488-489 [1st Dept 2019]). Further, the court could properly have considered and ultimately denied the motion as untimely without plaintiff's opposition (see Ingram v Association for Metroarea Autistic Children, Inc., 190 AD3d 458 [1st Dept 2021]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2021