Baram v Person (2022 NY Slip Op 03066)

Baram v Person

2022 NY Slip Op 03066

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Renwick, J.P., Mazzarelli, Gesmer, González, JJ. 

Index No. 152832/16 Appeal No. 15919 Case No. 2022-00262 

[*1]Noam Baram et al., Plaintiffs-Appellants,
v
Carl E. Person, Defendant-Respondent.

Carl E. Person, New York, appellant pro se.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered July 7, 2021, which denied as untimely defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court's sua sponte denial of defendants' motion for summary judgment as untimely was proper (Ingram v Association for Metroarea Autistic Children, Inc., 190 AD3d 458 [1st Dept 2021]; Hettinger v Amchem Prods., Inc., 193 AD3d 544 [1st Dept 2021]). Defendant does not dispute that his motion, filed October 11, 2019, was untimely. He also does not dispute that he stated no reason for the delay when he filed the motion in October 2019 or at any time before the court issued its ruling in July 2021. "No excuse at all, or a perfunctory excuse, cannot be 'good cause'" (Brill v City of New York, 2 NY3d 648, 652 [2004]). In any case, defendant's belatedly stated reasons for the delay, as set forth in a letter to the court after it issued its order, do not amount to good cause, as defendant merely cited the complexity of the case and his law firm's caseload.
In light of the foregoing, we do not reach the merits of defendant's motion.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022